IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02009-BNB

EARL CROWNHART,

    Plaintiff,

v.

GARY SULLIVAN,
SGT. BLATTNER,
SGT LOYD,
SGT CEDENA,
LARRY REID, and
SGT. KAUFFMAN,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 26 2008

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Plaintiff Earl Crownhart is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the San Carlos Correctional Facility in Pueblo, Colorado. On September 5, 2008, Mr. Crownhart submitted to the Court a Prisoner Complaint filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. On October 15, 2008, Magistrate Judge Boyd N. Boland entered an order directing Mr. Crownhart to amend the Complaint and assert personal participation by named Defendants. Magistrate Judge Boland also directed Mr. Crownhart to present his claims in keeping with *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158 (10th Cir. 2007). On November 5, 2008, Mr. Crownhart filed an Amended Complaint.

The Court must construe Mr. Crownhart's Amended Complaint liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

A legally frivolous claim is one in which a plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

In the Amended Complaint, Mr. Crownhart sets forth three claims. In Claim One, he states that on August 26, 2007, during lunch at the chow hall, Defendant Gary Sullivan refused to allow Plaintiff to sit at a table that seats four inmates. He further asserts that he was harassed by Defendant Sullivan, and as a result he left the chow hall and returned to his cell. Mr. Crownhart contends that Defendant Sullivan violated his Eighth Amendment rights when he placed him in fear of other inmates by attempting to place him in a "seating area" that could subject him to serious bodily injury. (Compl. at Attach.) He also asserts that there were approximately 236 inmates in the chow hall who could have assaulted him. (Compl. at Attach.) Mr. Crownhart further asserts that Defendants Sergeant Blattner and Sergeant Loyd were aware of Defendant Sullivan's acts. (Compl. at Attach.) Plaintiff also concedes, in the Amended Complaint, that Defendant Sullivan's action was an "isolated incident of excessive force." (Compl. at Attach.)

In Claim Two, Mr. Crownhart asserts that on August 19, 2008, he mailed a letter, and on August 26, 2008, Defendant Sergeant Cedena apparently tampered with the

letter, which was non-privileged mail, by crossing out the zip code. (Compl. at 5.) Mr. Crownhart further asserts that on August 7, 2008, legal mail was opened "without permission or presents [sic]." (Compl. at 5.) Plaintiff, nonetheless, concedes that no harm was committed and that there is only a possibility that documents were tampered with by employees in the mail room. (Compl. at 5.) Mr. Crownhart, however, contradicts his claim that no harm was committed by asserting that mail was altered, which relates to Case No. 08-cv-00692-MSK-KLM, a case that he has pending in this Court. (Compl. at 5.) Mr. Crownhart concludes that his First Amendment rights were violated when his incoming and outgoing mail was tampered with by the mail room staff and sergeant, and Defendants Cedena and Larry Reid failed to investigate his claim. (Compl. at Attach.)

In Claim Three, Mr. Crownhart asserts that on April 12, 2008, he was sexually harassed when Defendant Sergeant Kauffman stood at his cell for five minutes staring at him while he was "four-pointed" in his bed, was wearing only his boxers, and his legs were spread apart. (Compl. at 6.) Mr. Crownhart concedes that Defendant Kauffman was conducting a welfare check due to his being four-pointed in his bed. (Compl. at 6.) Plaintiff seeks money damages.

With respect to Claim One, no matter how inappropriate, verbal harassment and threats without more do not state an arguable constitutional claim. **See Northington v. Jackson**, 973 F.2d 1518, 1524 (10th Cir. 1992); **Cumbey v. Meachum**, 684 F.2d 712, 714 (10th Cir. 1982) (per curiam); **Collins v. Cundy**, 603 F.2d 825, 827 (10th Cir. 1979) (per curiam). Plaintiff does not assert that Defendant Sullivan physically injured or

harmed him or used excessive force against him. Mr. Crownhart, therefore, fails to state a claim that rises to the level of a constitutional deprivation with respect to his verbal harassment claims against Defendant Sullivan.

To the extent, in Claim One, that Mr. Crownhart asserts Defendant Sullivan's acts could have subjected him to assault or physical injury, his claim is conclusory and vague. A prisoner claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, in part, that the infringement was sufficiently serious. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The conditions must deprive a prisoner of the " 'minimal civilized measure of life's necessities.' " *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In the absence "of a specific deprivation of a human need, an Eighth Amendment claim based on prison conditions must fail." *Shifrin v. Fields*, 39 F.3d 1112, 1114 (10th Cir. 1994) (internal quotation marks omitted). The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing. *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).

Mr. Crownhart fails to assert a physical injury or how being placed in a chow hall with approximately 236 other inmates could have resulted in his receiving serious bodily injury. He concedes that Defendant Sullivan's act was an isolated incident, and even though he refers to the act as a use of excessive force, his statement of facts fail

4

to support such a claim. Without more, Mr. Crownhart fails to assert an Eighth Amendment claim with respect to the incident that took place in the chow hall on August 26, 2007, and involved Mr. Sullivan.

As for Mr. Crownhart's mail tampering claim, although the source of the right is not clear, see *Bieregu v. Reno*, 59 F.3d 1445, 1450-51 (3ᵈ Cir. 1995), "[i]t is settled that an inmate's legal mail may be opened by prison officials only in the presence of the inmate." *Bledsoe v. Biery*, 814 F. Supp. 58, 59 (D. Kan.), *aff'd*, 992 F.2d 1222 (10th Cir. 1993). Legal mail includes mail to and from attorneys and courts. See *Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974); *Ramos v. Lamm*, 639 F.2d 559, 582 (10th Cir. 1980). Nonetheless, Mr. Crownhart does not assert that his mail was opened on August 26, 2008, only that a zip code, apparently on the envelope of the correspondence he had mailed on August 19, 2008, had been crossed out. With respect to the August 26, 2008, incident, Mr. Crownhart fails to assert a claim that rises to the level of a constitutional deprivation.

With respect to the August 7, 2008, incident, when he claims his legal mail was opened without his permission, and that the mail relating to a case he has pending in this Court was altered, he also states that no harm was committed. Because it is only one incident, and Mr. Crownhart concedes no harm was committed, the Court again finds that the claim fails to rise to the level of a constitutional deprivation.

With respect to Claim Three, Plaintiff's sexual harassment claim, "an inmate has a constitutional right to be secure in [his] bodily integrity and free from attack by prison guards." *Hovater v. Robinson*, 1 F.3d 1063, 1068 (10th Cir. 1993) (citing *Alberti v.*

*Klevenhagen,* 790 F.2d 1220, 1224 (5th Cir. 1986)). Furthermore, an inmate's sexual harassment allegation may state an Eighth Amendment claim. *Barney v. Pulsipher,* 143 F.3d 1299, 1310 (10th Cir. 1998); *see also Frietas v. Ault,* 109 F.3d 1335, 1338 (8th Cir. 1997) (sexual harassment or abuse of an inmate by a corrections officer never serves a legitimate penological purpose and may result in severe physical and psychological harm which may constitute unnecessary and wanton infliction of pain in violation of the Eighth Amendment) (citations omitted).

To prove a constitutional claim of sexual harassment an inmate must prove that the alleged abuse or harassment caused pain and that the responsible defendant acted with a sufficiently culpable state of mind. *Frietas,* 109 F.3d at 1338 (citing *Hudson v. McMillian,* 503 U.S. 1, 8 (1992)). Here, the alleged instance is not severe enough to be objectively, sufficiently serious, and there is no evidence of deliberate indifference on the part of Defendant Kauffman.

Plaintiff alleges that Defendant Kauffman watched him only on one occasion for five minutes during the time Defendant Kauffman was conducting a welfare check on Plaintiff. Plaintiff does not assert that Defendant Kauffman approached him, and he does not assert that Defendant Kauffman made any statements to him that would be considered of a sexual nature. Although Plaintiff claims he was helpless and was being "raped by a form of harassment," (Compl. at 6.), he does not state facts to support a claim of either rape or sexual harassment. Therefore, with respect to Plaintiff's sexual harassment claim, the Court finds that he fails to state a claim that rises to the level of a constitutional deprivation.

Base on the above findings, the Court finds that Mr. Crownhart's claims are legally frivolous, and the Complaint should be dismissed. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as **legally frivolous** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 26 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02009-BNB

Earl Crownhart
Prisoner No. 113771
San Carlos Corr. Facility
1410 W. 13th Street
PO Box 3
Pueblo, CO 81003

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/26/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk